UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X  **FIRST AMENDED**
**MELVYN EDELHERTZ,**                                         **COMPLAINT**

                Plaintiff,                        **12 CV 01800 (VB)**

      v.
                                      *ECF CASE*
**CITY OF MIDDLETOWN,**                                       *JURY DEMANDED*

                Defendant.
------------------------------------------------------------X

       The Plaintiff by his attorney James G. Sweeney P.C. for his first amended complaint to this Court does hereby allege as follows:

### INTRODUCTION AND SUMMARY OF THE ACTION

       1. This is an action brought pursuant to 42 USC §1983 seeking compensatory damages (nominal) from the Defendant City of Middletown ("the City") resulting from its violation of the Plaintiffs' right to enjoy the privilege and immunities guaranteed to him by the Constitution.

       2. This action seeks a judgment declaring an ordinance enacted by the Defendant City, compelling the Plaintiff as the operator and or manager of a certain multiple dwelling to reside either in the City or within 10 miles of the City, void and unconstitutional as applied to him.

       3. Alternatively, this action seeks a judgment declaring this ordinance void and unconstitutional because the City failed to afford Edelhertz - a well known individual to the City - any opportunity to object to its enactment by giving him actual pre enactment notice of

1

the same and a meaningful opportunity to object.

4. Finally, this action seeks an award to Edelhertz of nominal damages together with such costs, fees, disbursements and allowances as may be allowed by law including reasonable attorneys fees pursuant to 42 USC §1988.

## THE PARTIES

5. The Defendant ("the City") is a municipal corporation of the State of New York governed by an elected common council having the power to adopt local laws and ordinances and having its principle place of business at City Hall, 16 James Street, Middletown, Orange County, NY 10940.

6. The Plaintiff ("Edelhertz") resides at 77 Lopresti Road, in the Town of Wallkill, Orange County, NY.

7. Edelhertz, by reason of his objections to the first compelled residency law (see ¶¶ 26-27 below) is a particularly well known individual to the City's common council.

8. Edelhertz's correct name and address are on file in the records of the City's Department of Public Works by reason of his applying for an annual multiple dwelling permit for the property described below from that Department since 1996.

## JURISDICTION AND VENUE

9. This action arises out of the laws of the United States (42 USC §1983).

10. Pursuant to 28 USC §1331 this Court has jurisdiction to hear and determine this action.

11. Pursuant to 28 USC §1391(b) this Court is the proper venue for this action.

## FACTUAL ALLEGATIONS

### 1. The Property and Edelhertz as Managing Agent and Operator

12. At all times mentioned herein the Melvyn and Helaine Edelhertz Revocable Living Trust ("the Trust") was - and still is - the owner in fee of an improved parcel of land located at 57 Beattie Avenue located in the City of Middletown, Orange County, NY designated on the City's tax map as tax parcel 26-6-8 (hereafter only "the property").

13. Edelhertz is one of the beneficiaries of the Trust.

14. At all times mentioned herein the property was improved with a residential structure containing four individual separately accessible living units or apartments.

15. The property produces an income to the Trust of approximately $800.00 per apartment per month.

16. Under the applicable provisions of the Code of the City, including the City's Zoning Ordinance, the property is designated as one used for "multiple dwelling" purposes, i.e. property improved with a residential structure containing three or more separate and distinct dwelling units or apartments.

17. Edelhertz does not occupy any of the four dwelling units in the property.

18. Edelhertz is the managing agent and operator of the property caring for it on a daily basis.

19. Edelhertz has acted as the managing agent and operator of the property on behalf of the Trust since at least 1996.

20. The continued viability of the property as an income producing multiple dwelling building for the Trust depends upon Edelhertz's care of it as its managing agent and

operator.

Edelhertz benefits financially by reason of acting as the managing agent and operator of the property for the Trust.

## 2. The First Compulsory Residency Law

21. Section 296-14 of the Code of the City of Middletown ("the City's Code") requires the owners of multiple dwellings in the City to annually apply annually for and secure a "multiple dwelling permit" issued by City's Commissioner of Public Works.

22. Section 296-15 [B](5) of the City's Code requires, *inter alia*, that the application for such a permit designate the name, address and phone number of the managing agent or operator of such a multiple dwelling.

23. On November 1, 2011 the Common Council amended Section 296-15[B](5) of the City's Code by adding thereto a clause requiring the designated managing agent or operator of a multiple dwelling to reside within the City limits.(hereafter only "the first compulsory residency law"[1]).

24. The first compulsory residency law did not contain a waiver or variance provision of any kind.

25. The first compulsory residency law became effective on January 3, 2012.

## 3. Edelhertz's Complaint Against the First Compulsory Residency Law.

26. On March 12, 2012 Edelhertz commenced an action in this Court challenging the first compulsory residency law as unconstitutional as violating the privileges

---

[1]The amendment was by way of an "ordinance" having the same force and effect as a law. It will be referred to as a "law" hereafter.

and immunities clauses of the Constitution.

   27. In due time the City answered that complaint.

**4. The Second Compulsory Residency Law**

   28. On , by way of ordinance, the common council replaced Section 296-15[B](5) of the City Code containing the first compulsory residency law with a new section 296-15[B](5) reading as follows (hereafter only "the second compulsory residency law"):

> (5). The name, address and telephone number of the managing agent or operator of each boardinghouse, rooming house, lodging house, multiple dwelling or two-family dwelling who is authorized to act on behalf of the owner, who is further authorized to provide immediate access to the entire building, who is designated to be responsible for maintaining this property in compliance with all State and City codes, and who is further designated to accept service of process in any proceeding related to this property. The Commissioner of Public Works shall be notified within 10 working days of any change in this information. Such managing agent or operator must be one of the following:
>
>  (a) the owner of the property, provided the owner lives in the City of Middletown or within a ten (10) mile radius of the City; or
>
>  (b) a responsible person over the age of 21 who lives in the City of Middletown or with a ten (10) mile radius of the City; or
>
>  c ) a responsible person over the age of 21 who resides onsite in the subject premises.

   29. The stated purpose of the second compulsory residency law as recited therein is as follows: "to make owners of rental units more responsible for the health, safety and welfare of tenants and neighbors . . . ".

   30. The effect of the second compulsory residency law was to repeal the first

compulsory residency law.

31. The second compulsory residency law, by its terms, is set to take effect on October1, 2012.

32. The second compulsory residency law does not contain any provision for a waiver or variance.

33. The Common Council gave no pre-enactment notice of any kind - by publication or otherwise - to Edelhertz or to the owners of multiple dwellings in the City or the general public of the second compulsory residency law and did not afford them any opportunity to object to its enactment.

## CHARGING ALLEGATIONS

**As a First Cause of Action Under the Privileges and Immunities Clauses of the Constitution**

34. Under the Privilege and Immunities causes of the Fourteenth Amendment of the Constitution Edelhertz has a fundamental right to abide anywhere that he may choose in the United States either within or without of the State of New York and may not be compelled by law to permanently reside in any one place.

35. The second compulsory residency law compels Edelhertz, as the managing agent or operator of the property, to reside either in the City or within 10 miles of the City limits or actually in the multiple dwelling subject to the permit.

36. The second compulsory residency law denies Edelhertz his right to enjoy the privileges and immunities guaranteed to him by the privilege and immunities clauses of the Constitution, i.e. the fundamental right to reside and abide anywhere he chooses within the State of New York or the United States.

**As a Second Cause of Action Under the Procedural Due Process Clause of the Fourteenth Amendment.**

37. Edelhertz has both a liberty and a property interest to pursue his occupation as the managing agent or operator of the property protected by the Fourteenth Amendment to the Constitution.

38. The second compulsory residency law denies Edelhertz his fundamental liberty and property interest to pursue his occupation as the managing agent or operator of the property without being compelled to reside in a designated place in order to do so.

39. The second compulsory residency law was enacted without allowing Edelhertz any meaningful pre enactment opportunity to object to its enactment.

40. The second compulsory residency law was enacted by the Common Council without any notice to Edelhertz which, in this case, is his due and guaranteed to him as such under the procedural due process clause of the Fourteenth Amendment.

41. The second compulsory residency law is unconstitutional as applied to Edelhertz as it has denied him his liberty and property interest to pursue his occupation as the managing agent or operator of the property without being compelled to reside in a designated area, without due process of law required by the Fourteenth Amendment.

**DEMAND FOR RELIEF**

**WHEREFORE** Edelhertz demands judgment against the City as follows:

(1) A declaration that as applied to him the second compulsory residency law is unconstitutional as denying his right to enjoy the privileges and immunities guaranteed to him under the Privilege and

Immunities clauses of the Constitution, and or

(2) A declaration that as applied to him the second compulsory residency law is unconstitutional as denying his right to procedural due process guaranteed to him under the Fourteenth Amendment of the Constitution.

(3) An award of nominal damages as compensatory damages resulting from the unconstitutional enactment of the second compulsory residency law.

(4) An award of such costs, disbursements, allowances and fees - including reasonable attorneys fees pursuant to 42 USC §1988 - as may be allowed by law.

(5) Such other, further and different relief as to this court may seem just and proper under the circumstances.

Dated: August 24, 2012

_____
James B. Sweeney (JS 2399)